IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROGER SEDLAK, :
:
    Petitioner :
: CIVIL NO. 4:09-CV-2297
:
v. : Hon. John E. Jones III
:
:
UNITED STATES OF AMERICA, :
:
    Respondent :

## MEMORANDUM

November 30, 2009

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Roger Sedlak ("Petitioner" or "Sedlak"), an inmate presently confined at the Adams County Adult Correctional Complex in Gettysburg, Pennsylvania, commenced this *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He has paid the required $5.00 filing fee. (*See* Doc. 1-2.) The Petition currently is before the Court for screening.

Sedlak has been charged with operating an interstate prostitution enterprise and currently is scheduled to be tried on those charges before this Court on January 4, 2010. (*See United States v. Sedlak*, Criminal No. 1:09-CR-0079-WWC-1, Doc. 123.)

In the Petition, he states that, on April 2, 2009, he filed a Motion for Pretrial Release with the trial court. (*See* Doc. 1 ¶ 8.) Following oral argument, the trial court denied the Motion on April 17, 2009. (*See id.* ¶ 9.) Sedlak asserts that the trial court erred in denying his Motion and requests that this Court direct his immediate release from pretrial detention on bond pursuant to 18 U.S.C. § 3142(c) pending his appeal[1] and trial. (*See id.* at 10.)

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] The criminal docket does not show that any appeal currently is pending. Sedlak appealed *pro se* from the trial court's denial of the Motion for Reconsideration filed by counsel on his behalf of the Order denying his request to be released pending trial. (*See United States v. Sedlak*, Criminal No. 1:09-CR-0079-WWC-1, Docs. 69, 70, 74, 81.) However, by Order dated September 17, 2009, the Third Circuit Court of Appeals dismissed the appeal pursuant to Fed. R. App. P. 42(b) in accordance with the agreement of the parties. (*See id.*, Doc. 91.) A search of the Third Circuit Court of Appeals dockets using Sedlak's name did not reveal any other appeals filed by him. *See* http://pacer.psc.uscourts.gov/.

2

A federal court has jurisdiction to issue a writ of habeas corpus as to a petitioner who has not yet been convicted and is being detained prior to trial. 28 U.S.C. §2241(c)(1).[2] To state a claim for relief, a petitioner must allege that his detention violates the Constitution or a federal statute. 28 U.S.C. § 2241(c). However, the mere fact that a District Court has jurisdiction to entertain a petition filed under 28 U.S.C. § 2241 by a petitioner who has not yet been convicted does not mean that the petitioner is seeking an appropriate pretrial remedy. *See Whitmer v. Levi*, 276 Fed. Appx. 217, 219 (3d Cir. 2008). In *Whitmer*, the Third Circuit Court of Appeals held that, "[w]here a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b),(c), and not a habeas corpus petition." *Id.* The *Whitmer* Court found that the petitioner in that case was not entitled to habeas corpus relief because he had adequate remedies available to him in his pending criminal case. *Id.* (citing *Government of the Virgin Islands v. Balones*, 427 F.2d 1135, 1136 (3d Cir. 1970) (per curiam) ("Once a valid indictment or information has issued, the legality of arrest and the constitutionality of police

---

[2]Title 28 U.S.C. § 2241(c)(1) provides as follows:
    (c) the writ of habeas corpus shall not extend to a prisoner unless-
        (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof.

3

activities must be tested by challenging the admissibility of evidence, rather than by habeas corpus."))

Moreover, "simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship." *Stolt-Nielsen, S.A. v. United States*, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted). In *Stolt-Nielsen*, the Third Circuit Court of Appeals reasoned that, where a § 2241 applicant has an available forum in which to assert his defenses to federal criminal charges, the petition should not be entertained. *See id.* at 185. *See also Deaver v. Seymour*, 822 F.2d 66, 69-70 (D.C. Cir. 1987).

In the instant case, Sedlak acknowledges that he has not yet been convicted of or even tried on the federal criminal charges underlying this action. He further acknowledges that Judge Caldwell entertained oral argument on his Motion for Pretrial Release on April 17, 2009, and by Order of the same date, denied the Motion on the basis that Sedlak poses a risk of flight. (*See United States v. Sedlak*, Criminal No. 1:09-CR-0079-WWC-1, Docs. 41, 43.) The appropriate method to raise the arguments Sedlak now raises in the Petition would have been to file an appeal with the Third Circuit Court of Appeals. Sedlak claims that no appeal was filed "due to withdrawal of ineffective assistance of counsel." (*See* Doc. 1 ¶ 9.) However, the criminal docket reflects that, in the same Order granting counsel's motion to

4

withdraw on April 27, 2009, the trial court also appointed new counsel. (*See id.*, Doc. 45.) Consequently, Sedlak had representation during the time period in which he could have filed an appeal from the April 17, 2009 Order.

In addition, the criminal docket reflects that Sedlak's privately retained attorney filed a Motion for Reconsideration of the April 17, 2009 Order and that the trial court entertained the Motion even though it was untimely and no supporting brief was filed. (*See id.*, Docs. 69, 70, 74.) Accordingly, Sedlak clearly has had an available forum in which to raise the arguments he raises in the Petition regarding his request for release from pretrial detention.

Moreover, even if Sedlak is convicted of the charges that currently are pending before Judge Caldwell, his remedy would be to pursue a direct appeal, and if unsuccessful, to file a petition for collateral relief under 28 U.S.C. § 2255. Because Sedlak is not entitled to habeas corpus relief, the Petition will be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Saunders v. Donate*, Civil No. 3:08-CV-1618, 2008 WL 4813939, at *3 (M.D. Pa. Nov. 5, 2008); *Mustapha v. Donate*, Civil No. 4:08-CV-1875, 2008 WL 4861508, at *2 (M.D. Pa. Oct. 30, 2008). An appropriate Order will enter.